IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL T. CADDY, | ) | |
| | ) | |
| Petitioner, | ) | 4:03cv3384 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| HAROLD CLARKE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for final briefing of this habeas corpus case initiated by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") by the petitioner, Michael T. Caddy. The petitioner challenges his conviction in the District Court of Buffalo County, Nebraska, of second degree murder and use of a firearm to commit a felony. See generally State v. Caddy, 628 N.W.2d 251 (Neb. 2001).

The § 2254 petition, Answer and Traverse provide comprehensive treatment of the petitioner's claims, the respondent's affirmative defenses and the petitioner's replies to the respondent's defenses. The respondent filed a Notice of Filing of State Court Records, and subsequently, the record has been expanded at the petitioner' request. The following actions are all that remain before resolution of this complex litigation.

I will be considering the respondent's affirmative defenses of procedural default and waiver, the petitioner's denial of waiver and procedural default and his demonstration of cause and prejudice to excuse any procedural default, and the merits of all claims which are either not subject to waiver or procedural default or for which procedural default is excused. The applicable law is briefly summarized below, and the parties shall submit one brief each by the deadline ordered at the end of this Progression Order.

The record consists of the documents designated in filing no. 17, the respondent's Notice of Filing of State Court Records, as supplemented by the documents itemized in filing no. 21-1, the respondent's Notice of Filing of Additional State Court Records. The Clerk of Court shall send a copy of filing nos. 17 and 21-1 to the petitioner, together with a docket sheet, free of cost. If the petitioner lacks any of the documents listed in filing nos.

1

17 and 21-1 and needs copies, he shall notify the court in writing by the deadline set forth below, and, if he does so, the court will provide him with the requested copies free of cost.

**Brief Summary of Applicable Law**

Procedural Default

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the U.S. Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted, Akins v. Kenney, 410 F.3d at 456 n.1, or procedural default can occur when a petitioner fails to follow a state procedural rule for a claim and thereby forfeits the claim. The inability to obtain a state-court ruling on a claim because of a procedural default renders that claim "exhausted" for federal habeas corpus purposes, but the procedural default bars federal habeas review unless the petitioner can show cause for and prejudice from the procedural failure, so as to "excuse" the procedural default. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004).

Cause and Prejudice to Excuse Procedural Default

Although the U.S. Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for

2

review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

Deferential Standard for Review on the Merits

Claims which have been considered on the merits by the Nebraska appellate courts are subject to federal habeas review under the deferential standard required by 28 U.S.C. § 2254(d). The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

*28 U.S.C. § 2254(d)(1)*

In <u>Kinder v. Bowersox</u>, 272 F.3d 532,537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1), *citing* <u>Williams v. Taylor</u>, 529 U.S. 362, 405 (2000):

> Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003):

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

<u>Id</u>. at 73 (citations omitted).

> Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

<u>Id</u>. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The

4

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to any claim not waived or procedurally defaulted or for which the default is excused, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.

THEREFORE, IT IS ORDERED:

1. That by May 31, 2006, each party shall file a brief on the matters set forth above and any other information each party believes the court should consider;

2. That in addition to the foregoing, the respondent is requested to address the petitioner's Ground 3 without assuming that the issue has been procedurally defaulted or has been waived by the petitioner's plea, and without assuming that the second degree murder charge in district court derived from an agreement to reduce a first degree murder charge originally filed in county court;[1]

3. That the Clerk of Court shall immediately send the petitioner a copy of filing

---

[1] I am particularly interested in the petitioner's argument that the first official charging document was the information alleging second degree murder in the district court, and that there was never any agreement in county court that he would waive a preliminary hearing in exchange for the reduced charge of second degree murder in district court. I would like to know what the respondent would have to say on the issue of prosecutorial vindictiveness if I could not accept the factual representations made in § C, ¶ 2 on page 11 of the respondent's Answer (filing no. 16). That I request briefing on this question certainly does not mean that I have formed an opinion on any issue presented in this case.

5

nos. 17 and 21-1, together with a docket sheet, free of cost;

    4.    That by April 25, 2006, the petitioner may file a written request for copies of specific documents listed in filing nos. 17 and 21-1 which he lacks and which he requires in order to prepare and submit his brief by May 31, 2006; and

    5.    That any motion for extension of time would have to be supported by a very substantial showing of good cause.

April 11, 2006.                              BY THE COURT:

                                                    s/ *Richard G. Kopf*
                                                    United States District Judge